# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                   )
       Plaintiff,         )
                                   )
       V.              )     Cr. ID No. 0711014208
                                   )
DANIEL YOON,            )
                                   )
       Defendant.     )
                                   )

Submitted: November 18, 2016
Decided: December 12, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA SHOULD BE DENIED

Joseph Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Daniel Yoon, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**MAYER,** Commissioner

This 12th day of December, 2016, upon consideration of Defendant's Motion for Postconviction Relief and Defendant's Motion to Withdraw Guilty Plea, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. This matter arises from an incident that occurred on November 12, 2007 when Defendant followed a co-worker ("Victim 1"), into the restroom of a restaurant where they worked and then proceeded to punch, stab (with a knife) and kick her.[1]  When another co-worker ("Victim 2") attempted to intervene on her behalf Defendant also slashed Victim 2's right hand.  Victim 1 suffered a total of eleven stab wounds to her face, hands, and head.  After leaving the restroom, Defendant met with the restaurant manager and gave him the knife.  Defendant was subsequently taken into custody.  During the incident, while meeting with the manager and later while in custody, Defendant made numerous unsolicited incriminating statements.

2. On November 26, 2007, Defendant was indicted for Attempted Murder First Degree, Attempted Assault First Degree, and two counts of Possession of a Deadly Weapon During the Commission of a Felony.  Defendant pled Guilty But Mentally Ill on November 13, 2008 to the charges of Attempted Murder First Degree and Assault Second Degree.

---

[1] The facts recited herein were taken from the Affidavit of Probable Cause and the various reports and pleadings.

3.    On February 20, 2009, Defendant was sentenced to 35 years of incarceration at Level V for Attempted Murder and 8 years at Level V, suspended for 2 years of diminishing levels of supervision and attendant conditions, for Assault.  Up through this time, Defendant's trial counsel was Richard Weir, Esquire.

4.    On May 13, 2009, Defendant, with the assistance of new counsel, Joseph Leager, Esquire, filed a motion to correct or reduce his sentence (the "Rule 35 Motion").[2]  The Court granted the motion in part and modified the sentence by reducing the Level V time to 25 years of incarceration.[3]

5.    On August 24, 2016, Defendant filed the instant Motion for Postconviction Relief and a Motion to Withdraw Guilty Plea.[4]  The record was enlarged and trial counsel, Mr. Weir, submitted an Affidavit, the State filed a response, and Defendant filed a reply brief.

6.    Defendant argues as follows: (i) his delay in filing the motion should be excused because he has been housed in "maximum security" thus impeding his ability to access legal materials; (ii) his plea was not knowing, intelligent and voluntary because he was under duress of solitary confinement and due to

---

[2]  Docket No. 60.

[3]  Docket Nos. 62-63.

[4]  Docket No. 69-71.  Although the Motion to Withdraw Guilty Plea cites Superior Court Criminal Rule 32(d), it was filed pursuant to Superior Court Criminal Rule 61 and is subject to the requirements of that rule.  *See, Patterson v. State*, 684 A.2d 1234, 1237 (Del. 1996).

ineffective assistance of counsel in that counsel failed to properly present Defendant's mental health history and a finding of not guilty by reason of insanity; and (iii) counsel was ineffective because Mr. Weir failed to file a motion to suppress statements made by Defendant despite the fact that he was never read his *Miranda*[5] rights.

## **DEFENDANT'S RULE 61 MOTION**

7.     Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[6]  Superior Court Criminal Rule 61(i)(1) imposes the condition that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final.  Defendant pled guilty on November 13, 2008, and was sentenced on February 20, 2009.  Defendant did not file a direct appeal and therefore his judgment of conviction became final on March 22, 2009.[7] Defendant's motion was filed more than seven (7) years after the judgment became

---

[5]  Defendant is referring to *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] Pursuant to Superior Court Criminal Rule 61(m)(1), a judgment of conviction is final for the purpose of this rule within 30 days after the Superior Court imposes sentence if the defendant has not filed a direct appeal.

final. Therefore, the motion was filed outside the applicable time limit and Defendant's claims, at this late date, are time-barred.[8]

8. Rule 61 allows relief from the procedural bar only under limited circumstances. In order to prevail, Defendant must satisfy the pleading requirements of subparagraphs 2(i) or 2(ii) of subdivision (d) of Rule 61.[9] Defendant's motion though has not met the pleading requirements of subdivision (d)(2)(i) or (ii). Defendant was not convicted after a trial and has not presented any new evidence creating a strong inference that he is actually innocent of the acts underlying the charges of which he was convicted. Further, Defendant has not plead with particularity that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid. Therefore, Defendant has not met the pleading requirements of Rule 61(d)(2)(i) and (ii).[10]

---

[8] *See Miller v. State*, 2014 WL 7010949, at * 3 (Del. Dec. 9, 2014) (considering defendant's mental health arguments and finding defendant's motion for postconviction relief was untimely because it was filed more than a year after the conviction became final); *State v. Marine*, 2015 WL 3429920, at *1 (Del. Super. May 13, 2015) (holding claims of ineffective assistance of counsel were time barred when motion was filed almost nine years after sentencing).

[9] Likewise, the procedural bars do not apply to a claim that the court lacked jurisdiction. Super. Ct. Crim. R. 61(i)(5). Defendant does not assert that the Court lacked jurisdiction and therefore this exception does not apply.

[10] Defendant's reliance on *MacDonald v. State*, 778 A.2d 1064 (2001) in support of his arguments is misplaced. The *MacDonald* case was decided under the former version of Superior Court Criminal Rule 61 and the postconviction relief motion in that case was timely filed.

9.      Although Defendant argues that his confinement precluded him from assisting in his defense, any such confinement cannot be attributed to the State nor does it justify Defendant's delay in filing the present motion.  In his briefing, Defendant admits that he was in solitary confinement (Administrative Segregation) as a result of his mental disorders (i.e., not the State's action).[11]  Further, on May 13, 2009, Defendant was able to obtain new counsel (Mr. Leager), timely file a motion for reduction/correction of sentence, and in fact was successful in obtaining a reduction of his sentence.[12]  Defendant was able to timely assist in his defense with respect to modification of his sentence and has presented no compelling reason for his untimely motion for postconviction relief.[13]

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be Denied and the Motion to Withdraw Guilty Plea should be Denied.

**IT IS SO RECOMMENDED.**

_ _ _ */s/ Katharine L. Mayer* _ ___
Commissioner Katharine L. Mayer

oc:     Prothonotary
cc:     Joseph Grubb, Esquire
        Daniel Yoon

---

[11] Defendant was not in solitary confinement but rather placed in the infirmary due to a refusal to eat for several days and was under Psychiatric Observation.  He was later placed under a lower level of supervision that did not prohibit contact with others.

[12] Notably, Defendant was also represented by Darryl Rago of the Office of Public Defense in October 2011 and did not file a motion for postconviction relief at that time.

[13] As a procedural bar exists, the Court will refrain from considering the merits of the individual claims.  *State v. Ayers*, 2002 WL 1503449, at *1 (Del. Super. Apr. 4, 2002).