IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALFRED M. LEWIS, JR., | § | |
| | § | No. 408, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9703011339 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 24, 2015
Decided: September 25, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 25th day of September 2015, upon consideration of the notice to show cause issued by the Clerk, the response to the notice to show cause filed by the appellant, the answer to the response filed by the State of Delaware, and the appellant's motion for appointment of counsel, it appears to the Court that:

(1)     In June 1997, the appellant, Alfred M. Lewis, Jr., pled guilty to one count of Receiving Stolen Property and was immediately sentenced to one year at Level V suspended for one year of Level II probation ("the 1997 case").[1]  Lewis was discharged from the sentence in April 2000.  Lewis currently is incarcerated at

---

[1] Lewis also admitted to violating the terms of his probation in a 1995 case and was sentenced to one year of concurrent probation.

the James T. Vaughn Correctional Center on a sentence imposed in a different case.

(2) In June 2011, Lewis filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") in the 1997 case. In January 2012, we affirmed the Superior Court's summary dismissal of the postconviction motion under Rule 61(a) because Lewis was no longer "'in custody or subject to future custody'" on the sentence associated with the conviction.[2]

(3) In March 2014, Lewis filed a motion to withdraw the guilty plea in the 1997 case. Because the motion was brought after Lewis was sentenced, Rule 32 required that the motion be brought under Rule 61.[3] Like his prior Rule 61 application, the current motion was subject to summary dismissal under Rule 61(a). Nonetheless, the Superior Court addressed the merits of the motion and concluded in an order dated February 26, 2015, that there was no basis to grant it, and that Lewis had knowingly and voluntarily pled guilty.

---

[2] *Lewis v. State*, 2012 WL 130700, at *1 (Del. Jan. 12, 2012). *See* Del. Super. Ct. Crim. R. 61(a)(1) (2013) (providing that "[t]his rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment of conviction"). Effective June 4, 2014, Rule 61(a)(1) was amended to delete "or subject to future custody."

[3] *See* Del. Super. Ct. Crim. R. 32(d) (providing that, after sentencing, a motion to withdraw a guilty plea must be brought under Rule 61); *Allen v. State*, 2010 WL 1692723, at *2 (Del. April 27, 2010) (citing *Patterson v. State*, 684 A.2d 1234, 1237 (Del. 1996)).

(4) On June 5, 2014, Lewis pled guilty to two counts of Promoting Prison Contraband.[4] On July 17, 2014, the State filed a motion to declare Lewis a habitual offender based, in part, on his guilty plea in the 1997 case. At sentencing on August 29, 2014, the Superior Court declared Lewis a habitual offender and sentenced him to a total of six months at Level V. On direct appeal in that case, *Lewis v. State*, No. 482, 2014, Lewis argued, in part, that he should not have been sentenced as a habitual offender because his guilty plea in the 1997 case was "invalid." By Order dated July 30, 2015, the Court rejected Lewis' arguments and affirmed his convictions and sentence for Promoting Prison Contraband.[5]

(5) On August 3, 2015, Lewis filed this appeal from the Superior Court's February 26 order denying his motion to withdraw the guilty plea in the 1997 case. On its face, the appeal was untimely filed. In a letter submitted with the appeal, Lewis stated that the delay in filing the appeal was due to the Superior Court's failure to notify him of the February 26 order. Lewis explained that he found out about the February 26 order in July 2015, from legal mail he received in his appeal in the Prison Contraband case, *Lewis v. State*, No. 482, 2014. The legal mail, which the State contends was its appendix to a response filed in No. 482, 2014,

---

[4] The Court has taken judicial notice of *State v. Lewis*, Del. Super., Cr. ID No. 1311017538.

[5] *See Lewis v. State*, 2015 WL 4606521 (Del. July 30, 2015) (affirming Superior Court judgment).

3

included a docket sheet in the 1997 case, which listed the February 26 order denying Lewis' motion to withdraw the guilty plea.

(6) To invoke this Court's jurisdiction in a postconviction appeal, the notice of appeal must be filed within thirty days after entry upon the docket of the order from which the appeal is taken.[6] The only exception to the rule is when the appellant can demonstrate that he "did all that was required of him in seeking review," and that the failure to file the appeal within the thirty-day period is attributable to court personnel.[7]

(7) The Clerk issued a notice directing Lewis to show cause why the appeal should not be dismissed as untimely filed.[8] In response to the notice, Lewis referred the Court to his letter explaining the delay and again asserted that the delay in filing the appeal was caused by the Superior Court's failure to send him the February 26 order. Lewis also filed a motion for appointment of counsel.

(8) At the Court's request, the State filed an answer to Lewis' response to the notice to show cause. The answer includes a copy of the prison mail log of Lewis' incoming and outgoing legal mail from March 1, 2015 through August 14, 2015. The mail log confirms that Lewis received no mail from the Superior Court in March 2015, when he should have received the February 26 order. Also, the

---

[6] Del. Supr. Ct. R. 6(a)(iii).

[7] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[8] Del. Supr. Ct. R. 29(b).

mail log reflects that Lewis received legal mail from the attorney who represented him in No. 482, 2014, on July 1, 2015. Lewis received no other legal mail in July 2015. Based on the mail log and Lewis' letter of explanation, the State contends, and we agree, that the record fairly reflects that Lewis first had notice of the February 26 order on July 1, 2015, when he received the legal mail in No. 482, 2014, which included the docket sheet in the 1997 case.

(9) This Court has consistently held that when an appellant filing an untimely appeal attributes the delay in filing the appeal to court-related error, the appellant must file the notice of appeal within thirty days of receiving notice of the order the appellant is appealing.[9] In this case, because he admittedly received a Superior Court docket sheet in the 1997 case listing the February 26 order in July 2015, which the mail log has established was on July 1, Lewis was on notice, as of July 1, that his motion to withdraw the guilty plea had been denied, and he had sufficient information to file a notice of appeal.[10] And because he had notice of the February 26 order on July 1, 2015, it was incumbent upon Lewis to file the notice

---

[9] *See Folks v. State*, 2015 WL 4710149, at *1 (Del. Aug. 6, 2015) ("In this case, it was incumbent upon Folks to file the notice of appeal within thirty days of . . . the date he admittedly received the Superior Court docket sheet notifying him that the court had denied the petition for a writ of habeas corpus."); *Forehand v. State*, 2013 WL 1633272, at *2 (Del. Feb. 25, 2013) ("It was incumbent on Forehand to file the notice of appeal within thirty days of . . . the date he admittedly received the docket sheet notifying him that the Superior Court had denied his motion for correction of sentence."); *Barnett v. State*, 2006 WL 2371338, at *1 (Del. Aug. 14, 2006) ("On similar facts in a previous case, we dismissed an untimely appeal when the appellant failed to file the notice of appeal within thirty days of receiving the Superior Court docket sheet.").

[10] *Cf.* Del. Supr. Ct. R. 7(9) (providing that the notice of appeal shall attach the order on appeal *if available*).

of appeal on or before July 31, 2015. Although his notice of the February 26 order was less than ideal, once Lewis had notice of the order, he had an obligation as a litigant, even as a *pro se* litigant, to act with diligence.

(10) Lewis did not file the notice of appeal until August 3, 2015. As a result, the appeal is untimely filed, and it must be dismissed. The record does not reflect that court-related error prevented Lewis from filing the notice of appeal on or before July 31, 2015.

(11) Most important, the Court notes that, had the appeal been timely filed, the Court would have affirmed the Superior Court's judgment under Rule 61(a),[11] as we did in 2012 when affirming the summary dismissal of Lewis' postconviction motion.[12] Having completed the sentence associated with the conviction, Lewis had no standing to file the motion to withdraw the guilty plea in the 1997 case.[13]

NOW, THEREFORE, IT IS ORDERED, that the appeal is DISMISSED under Supreme Court Rules 6(a)(iii) and 29(b). The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[11] *Unitrin, Inc. v. American General Corp.*, 851 A.2d 1361 1390 (Del. 1995) (recognizing that this Court may affirm on the basis of a different rationale than that articulated by the trial court).

[12] *Supra* note 1.

[13] *See Coleman v. State*, 2015 WL 5096047, at *3 n.10,11 (Del. Aug. 27, 2015) (citing cases).

6