# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                        )
    V.                  )      ID No. 0711014208
                        )
DANIEL YOON,            )
                        )
        Defendant.      )

Submitted: December 14, 2016
Decided: January 9, 2017

## COMMISSIONER'S SUPPLEMENTAL REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA SHOULD BE DENIED

Joseph Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Daniel Yoon, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

**MAYER,** Commissioner

This 9th day of January, 2017, upon consideration of Defendant's Motion for Postconviction Relief and Defendant's Motion to Withdraw Guilty Plea, it appears to the Court that:

## SUPPLEMENTAL REPORT

1. On August 24, 2016, Defendant filed a Motion for Postconviction Relief and a Motion to Withdraw Guilty Plea.[1] The record was enlarged and trial counsel, Mr. Weir, submitted an Affidavit,[2] the State filed a response,[3] and Defendant filed a reply.[4]

2. On December 12, 2016, the Court issued a Report and Recommendation that Defendant's Motion for Post Conviction Relief Should be Denied and Defendant's Motion to Withdraw Guilty Plea Should be Denied (the "Report").[5]

3. On December 14, 2016, Defendant filed a Reply to State's Response for Motion to Withdraw Plea and Rule 61 (the "Reply Brief").[6] After consideration of the Reply Brief, the Court issues this supplemental report.

---

[1] Docket Nos. 69-71. Although the Motion to Withdraw Guilty Plea cites Superior Court Criminal Rule 32(d), it was filed pursuant to Superior Court Criminal Rule 61 and is subject to the requirements of that rule. *See Patterson v. State*, 684 A.2d 1234, 1237 (Del. 1996).

[2] Docket No. 76.

[3] Docket No. 78.

[4] Docket No. 77. Defendant's brief was titled "Affidavit of Defendant Yoon in reply to Counsel Weir's Affidavit" (the "Yoon Affidavit") and treated as a reply brief.

[5] Docket No. 80.

1

4. Defendant's motions presented several arguments including, but not limited to the following: (i) his delay in filing the motion should be excused because he has been housed in "maximum security" thus impeding his ability to access legal materials; and (ii) his plea was not knowing, intelligent and voluntary because he was under duress of solitary confinement and due to ineffective assistance of counsel in that counsel failed to properly present Defendant's mental health history and a finding of not guilty by reason of insanity.

5. The Report recommended that the motions be denied as procedurally barred. Defendant's motions were filed more than seven (7) years after the judgment became final and were therefore untimely. *See* Superior Court Criminal Rule 61(i)(1). Although Defendant argued that his confinement and mental health precluded him from assisting in his defense, this argument did not justify relief from the procedural bar and Defendant's briefing did not satisfy the requirements for an exception from the time limitations imposed by Rule 61.

6. Defendant's argument that he was under "duress" and therefore unable to timely file the motions,[7] was included and argued in his previous papers.[8]

---

[6] Docket No. 81.

[7] *See* Defendant's Reply at page 7.

[8] Defendant also argues anew that a competency hearing was never held and his due process rights were violated. However, multiple psychiatric evaluations were conducted by different doctors (*See* Docket Nos. 22 & 25 (sealed) and 60, Ex. B) and the Court reviewed competency at the plea and sentencing hearings as well.

Although couched as a response to the State's papers, the Reply contains repetitive attacks on trial counsel[9] and a reiteration of the arguments that were raised in the original motions and Yoon Affidavit.[10] Therefore, the arguments in the Reply were considered by the Court when the Report was issued and do not change or modify the Court's opinion and recommendation in this matter. Defendant has not offered any new evidence creating a strong inference that he is actually innocent of the acts underlying the charges of which he was convicted, nor has he plead with particularity that a new rule of constitutional law applies to his case to render the conviction invalid.[11] Thus, the motions are procedurally barred.

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be Denied and the Motion to Withdraw Guilty Plea should be Denied.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: Joseph Grubb, Esquire, Deputy Attorney General
Daniel Yoon, pro se, (SBI #00382940)

---

[9] *See* Defendant's Reply and the ineffective assistance of counsel claims at pages 2 – 6, 8-9.

[10] Of note, although Defendant's Reply makes much of the use of the term "sneaky bastard" in counsel's affidavit, counsel was quoting Defendant in his notes, not using this to describe the Defendant from his own words. To the extent Defendant raised any new arguments in his Reply (*See* Reply at pages 5-6) that were not previously set forth in the original motions or Yoon Affidavit, they were waived for Defendant's failure to raise them in his opening brief. Regardless, the new arguments do not change the outcome of this matter as they go to the ineffective assistance of counsel claims that are time barred.

[11] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i) or (ii).

3