IN THE SUPREME COURT OF THE STATE OF DELAWARE

RYAN PEREZ,            §
                         §    No. 239, 2019
     Defendant Below,     §
     Appellant,            §
                         §    Court Below: Superior Court
     v.                     §    of the State of Delaware
                         §
STATE OF DELAWARE,     §
                         §    Cr. ID No. 1704019609 (N)
     Plaintiff Below,      §
     Appellee.            §

Submitted: December 4, 2019
Decided: December 18, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 18th day of December, 2019, having considered the briefs and the record below, it appears to the Court that:

(1) In November 2017, police arrested Ryan Perez and charged him with numerous drug and firearm-related crimes. Several days before trial, Perez pled guilty to two of the charges. Six weeks later, Perez moved to withdraw his plea because he claimed his former counsel failed to investigate the admissibility of important evidence and discuss it with Perez. The Superior Court held a hearing, heard from Perez's former counsel, and denied the motion.

(2) On appeal, Perez argues that the Superior Court's denial does not offer adequate reasoning to review whether the Superior Court abused its discretion by denying the motion. Perez seeks a remand for the Court to explain its decision. We find, however, that the Superior Court's reasons appear obvious from the record and it provided some basis for its decision. Thus, we affirm the Superior Court's judgment.

(3) A police officer stopped Perez while driving and learned that Perez had a suspended license. He also had multiple outstanding capiases. Perez denied having any contraband in his car and consented to a search of the car. The police found heroin, gave Perez a Miranda warning, and Perez agreed to speak. Perez told the officer that the heroin was his and explained the details of his recent purchase.[1] The police towed his car and later found a stolen gun inside. Police took Perez to the police station, and the parties dispute whether he was re-Mirandized. After the disputed re-Miranda rights were given, Perez confessed to the possession of the firearm. A grand jury indicted Perez for multiple drug and firearm charges.[2]

(4) Several days before his scheduled trial, Perez pled guilty to possession of a firearm by a person prohibited and carrying a concealed deadly weapon. In

---

[1] App. to Opening Br. at A017.
[2] The charges were Drug Dealing, Possession of a Firearm by a Person Prohibited, Possession of a Firearm During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Possession of Drug Paraphernalia, Driving with a Suspended License, and Disregarding a Red Light.

return, the State dropped the remaining charges.[3] Perez knew that the firearm offense carried a ten-year minimum mandatory sentence.[4] Perez's trial attorney stated at the sentencing hearing that he had a significant discussion with Perez about the plea agreement and reviewed the Truth-In-Sentencing Guilty Plea Form with him.[5] The court questioned Perez extensively about his mental state, whether he was coerced, whether he discussed his rights with counsel, and whether he understood what he was doing by pleading guilty.[6] Perez answered in the affirmative to each of the questions including that he was satisfied with his counsel's representation.[7]

(5) Six weeks later, Perez moved to withdraw his guilty plea, *pro se*, claiming that his counsel did not adequately investigate the facts of the arrest and did not explain to him that police illegally seized evidence, which would not be admissible against him at trial. Perez argued that his consent to a vehicle search was involuntary because the officer threatened to arrest his girlfriend. Perez's counsel moved to withdraw and the Superior Court appointed new counsel. The parties submitted briefs and the Superior Court held a hearing.

(6) At the hearing, the parties argued the admissibility of Perez's incriminating statements and whether Perez's former counsel had sufficiently

---

[3] The State also agreed to not pursue habitual offender sentencing.
[4] App. to Opening Br. at A025.
[5] *Id.* at A025-26, A035.
[6] *Id.* at A027-32.
[7] *Id.*

3

considered their admissibility before advising Perez to take the plea offer.[8] The court requested that Perez's trial attorney complete a questionnaire regarding his representation of Perez. In response, Perez's trial attorney stated that he considered the consequences of filing a motion to suppress evidence and discussed the decision with Perez.[9] But, ultimately, trial counsel determined that it was in Perez's best interest not to present them to the court.[10]

(7)     The Superior Court denied the motion after it "reviewed [Perez's trial counsel's] answers to the Court's questions," and found "that the defendant has failed to meet his burden of demonstrating any 'fair and just reason' to warrant withdrawal."[11] On appeal, Perez argues that he cannot determine whether the Superior Court abused its discretion when it denied his motion because the court did not provide adequate reasoning and failed to "refer to any factual evidence in the record or any legal principles."[12] We review a decision to grant or deny a motion to withdraw a guilty plea on appeal for abuse of discretion.[13]

---

[8] *Id*. at A060-96.

[9] *Id.* at A101-03.

[10] *Id.* Trial counsel admittedly missed the possible argument that Perez's invocation of Miranda rights at some point invalidated prior warnings. *Id.* at A102. But, he believed that "all the evidence necessary for conviction was obtained prior to [Perez's] statement, so suppressing the statement would have had no real effect." *Id.*

[11] Opening Br. Ex. C (quoting *Patterson v. State*, 684 A.2d 1234 (Del. 1996)).

[12] *Id.* at 13.

[13] *Anderson v. State*, 99 A.3d 226, 2014 WL 3511717, at *2 (Del. July 14, 2014) (TABLE).

(8) Generally, the Superior Court must make "factual determinations and supply a legal rationale for a judicial decision as a matter of law."[14] The "[f]ailure to do so may be an abuse of discretion."[15] But, this Court "can affirm the decision as being within the fact finding or discretionary power of the trial judge, if, upon a reading of the record in relation to the order, the reasons appear obvious."[16]

(9) Here, the Superior Court order states that the court reviewed the record and the supplements (trial counsel's responses), and it determined that Perez failed to meet the proper standard under *Patterson v. State*.[17] Although a more detailed explanation would provide a better understanding of the court's analysis, the lack of a more detailed reasoning does not require reversal in this appeal because the reasons for denial appear obvious. Superior Court Criminal Rule 32(d) provides that if a motion to withdraw a guilty plea is made after the court has accepted the plea but prior to imposition of sentencing, "the court may permit the withdrawal of the plea upon a showing by the defendant of any fair and just reason."[18] The court should grant a plea withdrawal in this situation if the plea was involuntary or the defendant

---

[14] *Holden v. State*, 23 A.3d 843, 846 (Del. 2011).
[15] *Id.*
[16] *Husband M v. Wife D*, 399 A.2d 847, 848 (Del. 1979); *see also Johnson v. Taylor*, 901 A.2d 120, 2006 WL 1650802, at *1 (Del. June 13, 2006).
[17] 684 A.2d 1234 (Del. 1996).
[18] Super. Ct. Crim. R. 32(d).

entered the plea because of a misconception of the defendant's rights.[19]  The factors

that the court uses to determine whether a plea withdrawal will be granted are:

i.  Whether there was a procedural defect in taking the plea;
ii.  Whether the defendant knowingly and voluntarily consented to the plea agreement;
iii.  Whether the defendant has an adequate basis to assert his legal innocence;
iv.  Whether the defendant had adequate legal counsel throughout the proceedings; and
v.  Whether granting the motion will prejudice the State or unduly inconvenience the trial court.[20]

(10)  Even though Perez does not directly claim that the Superior Court

abused its discretion, he does explain the reasons underlying the motion to

withdraw.[21]  Perez argued that his trial counsel did not adequately investigate the

factual circumstances of his arrest and did not explain that police had illegally seized

the evidence that would be used against him at trial.[22]  Perez also argued that he

invoked his Miranda rights before making incriminating statements, but his trial

counsel never discussed the possibility of challenging the admissibility of his

confessions.[23]

---

[19] *Anderson*, 2014 WL at *2.

[20] *Patterson*, 684 A.2d at 1238 (holding that the factors "do not lend themselves to a balancing act," but "[c]ertain of the factors, standing alone, will themselves justify relief").

[21] These are the same reasons considered at the hearing below.

[22] Opening Br. at 4.  Perez argued that his consent to search the vehicle was involuntary because police threatened to arrest his girlfriend if he did not consent.

[23] *Id.* at 5.

(11) Considering the first factor, there was no procedural defect in administering Perez's plea. The State and Perez's trial counsel discussed a sentencing agreement recommendation, acknowledging that it was not binding on the court.[24] The court questioned Perez thoroughly to determine whether his plea was knowing and voluntary.[25] The court specifically questioned Perez whether he discussed his rights with his attorney and whether he was voluntarily waiving those rights.[26] The court went through each charge and its possible sentence, and then questioned Perez as to his understanding of the charges and sentence requirements.[27] Perez stated that he understood all of the rights and was voluntarily waiving them.[28] Perez also signed a Truth-In-Sentencing Guilty Plea Form.[29]

(12) Perez only claimed, essentially, that he was ineffectively represented, not that he had a basis to assert his legal innocence.[30] Perez argued that his trial counsel did not protect his constitutional rights because counsel did not investigate the facts or file a motion to suppress.[31] Perez, however, stated that he was satisfied with his trial counsel's representation during the proceeding.[32] In the questionnaire

---

[24] Super. Ct. Crim. R. 11(e).
[25] App. to Opening Br. at A027-32.
[26] *Id.* at A029.
[27] *Id.* at A029-32.
[28] *Id.* at A027-32.
[29] *Id*. at A035.
[30] Opening Br. at 5.
[31] App. to Opening Br. at A038-41.
[32] *Id.* at A031-32.

7

returned to the court, Perez's trial counsel stated that he discussed with Perez whether to file a motion to suppress regarding the search, but counsel thought that filing such a motion was a risk to a favorable plea.[33] Trial counsel made the strategic decision not to seek suppression.[34] Although trial counsel did not discuss with Perez the legal issues surrounding Perez's Miranda rights, trial counsel thought that, even if some statements were made after Perez invoked his Miranda rights, Perez had already admitted to possession of narcotics before invoking his rights.[35]

(13) As to the final factor, the State does not claim that it would be prejudiced or inconvenienced should the court grant Perez's motion to withdraw his guilty plea, so this factor is neutral.[36]

(14) Based on these findings, the Superior Court carefully and thoroughly questioned Perez regarding his plea[37] and took the extra step of requesting answers from Perez's former attorney about his representation of Perez and the tactical decisions he made.[38] While the Superior Court's order provided a minimal basis for its decision, it does not require reversal when the court's reasons appear obvious. Thus, the Superior Court did not abuse its discretion when it denied the motion to withdraw a plea.

---

[33] *Id.* at A101-02.
[34] *Id.*
[35] *Id.*
[36] Answering Br. at 16.
[37] App. to Opening Br. at A027-32.
[38] *Id.* at A100-03.

8

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice