# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                            )
      v.                     )
                            )      I.D. No. 2111008640
DANIEL SHAWN HALL,      )
                            )
        Defendant.        )

## ORDER[1]

Submitted: September 3, 2025
Decided: November 12, 2025

### *Upon Defendant's Motion to Withdraw Guilty Plea*
### DENIED

Defendant Daniel Shawn Hall ("Defendant") moves pursuant to Superior Court Criminal Rule 32(d) to withdraw the guilty plea he entered on October 26, 2022.[2] Defendant asserts that his plea was not knowingly and voluntarily made; that his former counsel, Anthony J. Capone, rendered ineffective assistance of counsel; and that Defendant possesses a basis to claim legal innocence. The State opposes the motion, arguing that the record establishes a valid plea and that withdrawal at this late stage would substantially prejudice the prosecution.

After reviewing the parties' submissions, the Court finds no "fair and just reason" under Rule 32(d) to permit withdrawal. For the reasons that follow, Defendant's motion is **DENIED.**

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Rule 32(d) states, in relevant part, "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason."

1

## PROCEDURAL BACKGROUND

**Initial Charges and Representation**

1. On November 17, 2021, Defendant was arrested following a search executed by the Delaware State Police Child Predator Task Force and was later indicted under Case No. 2111008640 on thirty counts spanning eight distinct offenses, including Dealing in Child Pornography and Sexual Exploitation of a Child.[3] Defendant was represented by Anthony J. Capone, Esquire through plea negotiations and the entry of a plea.[4]

2. The case involved extensive forensic evidence, multiple digital devices, and victim-related materials requiring special handling.

**Plea Agreement and Colloquy**

3. On October 26, 2022, Defendant appeared before the Court and entered a plea of guilty to two counts of Dealing in Child Pornography, one count of Sexual Exploitation of a Child, and one count of Dangerous Crime Against a Child.[5] During the colloquy, Defendant confirmed under oath that he had reviewed the Truth-in-Sentencing Guilty Plea Form with Mr. Capone; that he understood the nature of the charges, the maximum penalties, and the rights he was waiving; and that he was satisfied with counsel's advice.[6] The Court found the plea knowing, intelligent, and voluntary, and accepted it.[7]

**Post-Plea Developments and Breakdown with Counsel**

4. Following entry of the plea, sentencing was deferred pending a presentence investigation. Defendant subsequently expressed dissatisfaction with Mr. Capone's representation, and Mr. Capone requested leave to withdraw due to

---

[3] State's Resp. to Def.'s Mot. to Withdraw Guilty Plea 7 (D.I. 52).
[4] Capone Initial Aff. ¶ 2 (D.I. 45).
[5] Plea Agreement and Truth-In-Sentencing Guilty Plea Form (D.I. 10).
[6] Tr. of Plea Colloquy at 6:3–8, 12:14–20 (D.I. 15).
[7] *Id.* at 13:17–20.

conflict of interest on July 7, 2023, which the Court granted.[8] Alicia Porter, Esq., replaced Mr. Capone as counsel for Defendant on July 14, 2023.[9]

5.      On November 15, 2023, Ms. Porter moved to withdraw as Defendant's counsel, citing a "breakdown in communication."[10] At a December 1, 2023 hearing on Ms. Porter's motion to withdraw as counsel, Ms. Porter indicated that she was unable to draft Defendant's motion to withdraw his guilty plea because she felt that it was meritless.[11] Due to concerns raised at the December 1, 2023 hearing regarding Defendant's competency, Ms. Porter's motion was reserved, and the Court ordered a psychiatric evaluation to determine Defendant's competency.[12] The subsequent psychiatric evaluation determined that Defendant was indeed competent,[13] and at a control hearing held on February 29, 2024, Ms. Porter was allowed to withdraw as counsel and was appointed as Defendant's standby counsel.[14]

6.      On May 30, 2024, approximately nineteen months after Defendant entered his plea, Defendant filed the instant motion to withdraw his guilty plea. The motion set forth alleged deficiencies in counsel's performance,[15] purported

---

[8] D.I. 18.

[9] D.I. 19.

[10] *See* D.I. 24–25.

[11] Tr. Of Criminal Mot., Dec. 1, 2023, 10:5–11:7 (D.I. 35).

[12] At the December 1, 2023, hearing, upon being asked whether, in her consultations with Mr. Hall, Ms. Porter had any concerns regarding Defendant's competency, Ms. Porter answered in the affirmative. *See id.* at 13:12–14:9, 14:22–15:19. The Court noted that the concerns over competency discussed in the December 1, 2023 hearing applied only to the "current time," and there did not appear to be competency concerns related to when Defendant entered his plea. *Id.* at 19:12–22.

[13] D.I. 29.

[14] D.I. 30, 31.

[15] Defendant alleges that his former counsel, Mr. Capone, coerced Defendant into accepting the plea, advised Defendant to plead guilty under threat of receiving a "fifty-year minimum" sentence if Defendant proceeded to trial, discouraged Defendant from filing civil claims against others involved in the investigation, failed to raise potential defenses (e.g., diminished capacity), and never reviewed discovery materials with Defendant. Def.'s Mot. To Withdraw Guilty Plea ¶ 24 (D.I. 39).

irregularities in the warrant process,[16] and a claim that the plea documents had been altered.[17]

**Affidavit of Former Counsel**

7.     On July 8, 2024, Mr. Capone filed an affidavit in response to Defendant's motion.[18] In his sworn response, Mr. Capone attested that he fully advised Defendant of the charges, penalties, and plea terms, and denied any coercion or misrepresentation.[19] Mr. Capone also explained that Dr. Laura Cooney-Koss conducted a psychological evaluation of Defendant at Mr. Capone's request.[20] The evaluation was sought to assess Defendant's mental health for purposes of potential mitigation and was later disclosed to the State during plea negotiations. Dr. Cooney-Koss found no competency-related concerns, noting that Defendant's Autism Spectrum Disorder diagnosis was "without accompanying intellectual and language impairment," and as such Mr. Capone felt Defendant was competent to make decisions in his case.[21]

**State's Response and Further Proceedings**

8.     The State filed its response on August 1, 2024, arguing that Defendant's plea was knowingly, intelligently, and voluntarily entered, as confirmed by Defendant's signed Truth-in-Sentencing form and sworn plea colloquy, both of which showed that Defendant understood the charges, penalties, and rights he was waiving.[22] The State contended that Defendant's ineffective-assistance claim failed

---

[16] Defendant alleges that law enforcement lacked valid search or electronic investigative warrants for his residence and devices, that officers misrepresented facts in their reports, and that Defendant's arrest followed an improper "civil arrest" related to an unpaid traffic fine. *Id.* at ¶ 25.

[17] *Id.* at ¶ 17.

[18] D.I. 45.

[19] *See* Capone Initial Aff. ¶¶ 7–9, 12, 15 (D.I. 45).

[20] Capone Initial Aff. ¶¶ 12–13 (D.I. 45).

[21] Second Capone Aff. ¶ 9 (D.I. 65).

[22] *See* State's Resp. to Def.'s Mot. to Withdraw Guilty Plea 1, 9–10 (D.I. 52).

because it was contradicted by the record and by Mr. Capone's affidavit, which established that counsel had reviewed discovery with Defendant and accurately explained the plea terms.[23] Additionally, the State argued that Defendant presented no credible evidence of legal innocence, given the strength of the forensic and testimonial evidence linking Defendant to the crimes.[24] Lastly, the State explained that allowing withdrawal would substantially prejudice both the prosecution and the victim by requiring re-subpoenaing of witnesses, renewed trial preparation, and forcing the child victim to relive the abuse, thereby defeating the finality achieved through the plea.[25]

9.    Defendant replied on December 2, 2024, reiterating his earlier assertions and disputing Mr. Capone's credibility.[26] The Court later entered an order finding that Defendant had waived attorney-client privilege by placing communications with counsel at issue, and directing Mr. Capone to address those allegations left unaddressed in his initial affidavit based upon that privilege.[27] Mr. Capone filed a second affidavit on March 11, 2025, addressing the communications with Defendant that had not previously been addressed as well as supplementing information provided in the first affidavit.[28] Defendant then filed a reply to Mr. Capone's second affidavit on August 26, 2025, maintaining his prior allegations, challenging the accuracy of Mr. Capone's notes, and asserting that counsel's recollection of events was fabricated and inconsistent with the record.[29] In a court filing on September 3, 2025, the State declined to submit any further response to

---

[23] *Id.* at 10–14.
[24] *Id.* at 14–15.
[25] *Id.* at 16–17.
[26] *See* Def.'s Reply to State's Resp. to Mot. to Withdraw Guilty Plea 1–2, 4–8 (D.I. 58).
[27] *State v. Hall*, 2025 WL 26117 (Del. Super. Jan. 3, 2025) (ORDER) (finding waiver of attorney-client privilege by putting attorney-client communications at issue) (D.I. 63).
[28] *See* Second Capone Aff. ¶¶ 5–25 (D.I. 65).
[29] *See* Def.'s Reply to Second Capone Aff. 1–24 (D.I. 78).

Defendant's reply.[30]

10. Having reviewed the written submissions, the Court concludes that the record is sufficient to resolve the motion without an evidentiary hearing.

## LEGAL STANDARD

11. Under Superior Court Criminal Rule 32(d), a defendant may withdraw a guilty plea before sentencing "upon a showing by the defendant of any fair and just reason." The motion is addressed to the sound discretion of the Court.[31] In applying Rule 32(d), the Court considers five factors:

(1) Whether there was a procedural defect in taking the plea;

(2) Whether the defendant knowingly and voluntarily entered the plea;

(3) Whether the defendant has a basis to assert legal innocence;

(4) Whether the defendant had adequate legal counsel; and

(5) Whether granting the motion would prejudice the State or unduly inconvenience the Court.[32]

The defendant bears the burden of showing a "fair and just reason," and that burden "is substantial."[33] These factors are not balanced; satisfaction of any one factor may justify relief.[34] We now assess each of these factors in turn.

## DISCUSSION

**No Procedural Defect in Taking the Plea**

12. The record demonstrates full compliance with Superior Court Criminal Rule 11.[35] The plea colloquy confirms that Defendant was placed under oath, that

---

[30] D.I. 79.
[31] *Reed v. State*, 258 A.3d 807, 830 (Del. 2021); *State v. Barksdale*, 2015 WL 5676895, at *3 (Del. Super. Sept. 21, 2015).
[32] *Morrison v. State*, 274 A.3d 1006 (TABLE), 2022 WL 790507, at *4 (Del. Mar. 16, 2022); *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).
[33] *Reed*, 258 A.3d at 823.
[34] *Patterson v. State*, 684 A.2d 1234, 1239 (Del. 1996); *Barksdale*, 2015 WL 5676895, at *4.
[35] Rule 11, in relevant part, provides that before accepting a plea of guilty or *nolo contendere*, the court must address the defendant personally in open court to ensure the defendant understands

6

the Court reviewed the charges and potential penalties, and that Defendant affirmed his understanding of the proceedings.[36] Defendant further affirmed that no threats or promises beyond the plea agreement had induced his plea and that he was satisfied with counsel's advice.[37] The colloquy and signed Truth-in-Sentencing form demonstrate that Defendant understood that he was waiving his constitutional rights and that his plea would be final once accepted. Accordingly, no procedural defect occurred in the taking of the plea.

**Defendant Knowingly and Voluntarily Entered the Plea**

13. Defendant's principal claim—that he did not understand the meaning of certain charges or the Tier III registration requirements—is squarely contradicted by the plea form and Mr. Capone's sworn affidavits. The Truth-in-Sentencing form enumerates each offense, specifies its sentencing range, and identifies the collateral consequences, including Tier III registration obligations. Mr. Capone attested that he reviewed these provisions with Defendant in detail.[38]

14. A defendant's "representations during the plea colloquy are presumed truthful" absent clear and convincing evidence to the contrary.[39] Here, Defendant offers only his own inconsistent recollections, unsupported by any objective evidence. The Court finds the contemporaneous record more credible and concludes that the plea was knowing, intelligent, and voluntary.

**Defendant Has Not Established a Basis to Assert Legal Innocence**

15. A mere denial of guilt does not constitute a fair and just reason for

---

the nature of the charge, the maximum possible penalty, and the constitutional rights being waived, and must determine that the plea is voluntary and not the result of force, threats, or promises apart from the plea agreement.

[36] Tr. of Plea Colloquy at 5:1–23, 4:9–23 (D.I. 15).

[37] *Id.* at 9:6–8, 12:14–20.

[38] *See id.* at 4:9–23, 5:1–8; *see also* Capone Initial Aff. ¶¶ 7–9, 12, 15 (D.I. 45); Capone Second Aff. ¶¶ 20–21 (D.I. 65).

[39] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Reed*, 258 A.3d at 821.

withdrawal.[40] Defendant's allegations of irregularities regarding search warrants, alleged document alteration, and multiplicity of counts raise legal, not factual, questions. More importantly, these questions do not constitute evidence of innocence. Defendant has not identified any new evidence exculpating him from the charged conduct. By contrast, the record reflects overwhelming proof of guilt: forensic examination of Defendant's laptop and cellphone revealed ninety-four (94) and two-hundred-forty-two (242) files of child-sexual-abuse material, respectively, including videos personally produced by Defendant involving a minor victim.[41] Defendant's sworn admission of guilt at the plea colloquy further forecloses any credible claim of innocence. This factor therefore weighs strongly against withdrawal.

**Defendant Received Adequate Legal Counsel**

16. To the extent Defendant frames his claim as one of ineffective assistance, *Reed* instructs that the *Strickland v. Washington* standard governs: Defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, he would have insisted on proceeding to trial.[42] In other words, Defendant must show a reasonable probability that, but for counsel's errors, he would have insisted on going to trial.[43]

17. Here, Defendant fails to make that showing. Mr. Capone's affidavits detail repeated meetings, review of discovery, and explanation of plea terms, and the Court credits those sworn statements. The Court finds the claim that counsel "forged" Defendant's signature unsupported and unpersuasive, and finds Mr.

---

[40] *Russell v. State*, 734 A.2d 160 (TABLE), 1999 WL 507303, at *2 (Del. June 2, 1999).
[41] State's Resp. to Def.'s Mot. to Withdraw Guilty Plea 6 (D.I. 52).
[42] *Reed*, 258 A.3d at 824–25; *accord State v. Schofield*, 2011 WL 882838, at *5 (Del. Super. March 14, 2011).
[43] *Reed*, 258 A.3d at 824; *Schofield*, 2011 WL 882838, at *5.

Capone's account of this allegation more credible.[44]  Moreover, advising a client to accept a favorable plea in the face of strong evidence and significant sentencing exposure is not deficient performance.  As such, Defendant's allegations do not meet *Strickland's* high threshold.

**Prejudice to the State and Inconvenience to the Court**

18.     More than three years have elapsed since Defendant's plea.  The record indicates that key witnesses, including digital-forensic analysts and investigators, would have to be re-subpoenaed and that the minor victim has been assured of closure.[45]  Reassembling the case for trial at this juncture would impose substantial prejudice upon the State and undue burden on the Court.  The cumulative effect of delay, lost evidence, and logistical difficulties weighs heavily against withdrawal.[46] In any event, the State need not demonstrate prejudice where the defendant has failed to establish any of the other factors supporting withdrawal under Rule 32(d).[47]

## CONCLUSION

19.     After full consideration of the record and governing law, the Court concludes that there was no procedural defect in the taking of Defendant's plea.  The record demonstrates that Defendant entered his plea knowingly, intelligently, and voluntarily, and with a full understanding of its consequences.  Defendant has failed to advance any credible basis upon which to assert legal innocence, and the Court finds that he was represented by competent counsel who provided adequate legal assistance throughout the proceedings.  Moreover, permitting withdrawal of the plea at this stage would cause substantial prejudice to the State and impose undue burden

---

[44] *See* Capone Initial Aff. ¶ 7 (D.I. 45).
[45] State's Resp. to Def.'s Mot. to Withdraw Guilty Plea 16 (D.I. 52).
[46] *See Barksdale*, 2015 WL 5676895, at *6–7.
[47] *Id.* at *6 (citing *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003); *United States v. Cannistraro*, 734 F. Supp. 1110, 1123 (D.N.J. 1990)).

upon the Court.

20. For these reasons, the Court finds that Defendant has not established any fair and just reason under Superior Court Rule 32(d) to warrant withdrawal of his guilty plea. Accordingly, Defendant's Motion to Withdraw Guilty Plea is **DENIED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via Email and State Mail*
oc:  Prothonotary
cc:  Kristina G. Bensley, Esquire, DAG
       Daniel S. Hall, Defendant *Pro Se*
       Anthony J.W. Capone, Esquire
       Alicia A. Porter, Esquire

10