# IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHAWN DANIELS, §
§ No. 490, 2016
   Defendant Below, §
   Appellant, § Court Below: Superior Court of
§ the State of Delaware
   v. §
§ ID No. 1509003025 (N)
STATE OF DELAWARE, §
§
   Plaintiff Below, §
   Appellee. §

Submitted: May 17, 2017
Decided: June 28, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

On this 28th day of June 2017, upon consideration of the parties' briefs and the record on appeal, it appears that:

(1) Appellant, Shawn Daniels, appeals from the Superior Court's denial of his motion to withdraw his guilty plea. He makes one claim on appeal. He contends that the Superior Court abused its discretion in denying his motion because the court permitted conflicted counsel to represent him when the motion was presented. For the reasons which follow, we reject his contention.

(2) In August of 2015, two detectives with the Wilmington Police Department "received information from a past proven reliable confidential informant" that

Daniels and his brother were selling heroin out of 812 West 7th Street in the city of Wilmington.[1] The informant told the detectives that he/she had purchased heroin on a regular basis from Daniels and his brother in the past. The informant also knew that Daniels and his brother possessed firearms.

(3) In September of 2015, the detectives used a confidential informant to purchase illegal drugs from Daniels and his brother. The detectives also learned that Daniels was prohibited from possessing a firearm due to several prior felony convictions. They also learned that Daniels possessed and drove a teal Mercury Grand Marquis.

(4) The detectives applied for and received a search warrant for the 812 West 7th Street residence. When they executed the warrant, they found U.S. currency, 350 bags of heroin, marijuana, a digital scale and small baggies associated with the packaging and sale of drugs, a firearm magazine clip, and receipts from Wal-Mart for ammunition. The detectives then obtained a search warrant for the Grand Marquis in which they found 112 bags of heroin, multiple papers belonging to Daniels, and a stolen .45 caliber firearm.

(5) Daniels was then arrested and charged with several drug and firearm offenses. While in custody after his arrest, Daniels admitted that he used the Grand

---

[1] App. to Appellee's Answering Br. at 1.

Marquis on a daily basis and that the heroin and firearm found in the car belonged to him.

(6) Subsequent to his indictment, Daniels filed a motion to suppress the drugs and firearm which were the subject of the prosecution. The Superior Court denied the motion.

(7) At final case review, Daniels and the State entered into a plea agreement in which he agreed to plead guilty to Possession of a Firearm by a Person Prohibited in violation of 11 *Del. C.* § 1448. In the agreement, the State informed Daniels that it would seek to have him sentenced as an habitual offender pursuant to 11 *Del. C.* § 4214(a). In the agreement, Daniels acknowledged that he was eligible for sentencing as an habitual offender. Daniels then entered his plea of guilty, and during a very thorough plea colloquy, stated that he recognized and understood that he was eligible for sentencing as an habitual offender pursuant to 11 *Del. C.* § 4214(a).

(8) During the plea colloquy, Daniels also acknowledged that he was waiving all trial and appellate rights by entering the plea. The Superior Court judge asked: "Do you understand because you're pleading guilty you're giving up your trial rights and your constitutional rights associated with trial and appeal? I want you to look at those very carefully. They're numbered 1 through 7. The paper should be in front

3

of you."[2] Daniels responded, "Yes, ma'am."[3] The court further clarified by stating "[y]ou reviewed all those rights and wish to give up those rights and enter a plea on this charge, rather than go forward to trial on all the charges in the indictment; is that correct"?[4] Daniels responded, "Yes, ma'am."[5] At the close of the plea colloquy, the court again asked Daniels to look at the plea form "very carefully" and "to make certain that [he] read every question carefully, understood each question, and answered each question truthfully."[6] Daniels again said, "Yes, ma'am."[7] The plea form referred to was a truth-in-sentencing guilty plea form signed by Daniels. It asked, in pertinent part: "Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights: . . . to appeal, if convicted, to the Delaware Supreme Court?"[8] Daniels answered this question in the affirmative.

(9) After entry of the plea but before sentencing, Daniels moved to withdraw his plea pursuant to Superior Court Criminal Rule 32(d). He alleged that "he did not understand that entering the guilty plea would waive his appeal rights," and he wished to appeal the denial of his motion to suppress.[9] In the same motion, Daniels'

---

[2] App. to Appellant's Opening Br. at 37.
[3] Id.
[4] Id.
[5] Id.
[6] Id. at 38.
[7] Id.
[8] Id. at 27.
[9] Id. at 43.

4

counsel moved to withdraw as counsel. Counsel stated that he initially advised Daniels that he could appeal the denial of the motion to suppress, but when the decision was made to accept the plea agreement, "[u]ndersigned counsel believed Daniels understood that he was waiving his right to appeal when he completed and executed the [truth-in-sentencing] form."[10]

(10) At the hearing on Daniels' motion to withdraw his guilty plea and his attorney's motion to withdraw as counsel, the court stated:

> I specifically asked him if he read and understood that he was waiving all the rights on the truth-in-sentencing/guilty plea form. I'm extremely thorough when I go through a plea colloquy. And I know I asked him that. And I know he said he wished to waive those and that he thought it was in his best interest to waive those and to proceed to a plea rather than to trial.[11]

As to Daniels' claim that he thought he could appeal the denial of his motion to suppress despite taking the plea, the Superior Court judge commented that "I talked to you about waiving your appellate rights. We had that discussion. And it's on the truth-in-sentencing guilty plea form."[12] After concluding that Daniels duly waived both his trial and appellate rights on the truth-in-sentencing form and in the plea colloquy, the court denied Daniels' motion to withdraw his guilty plea. The court

---

[10] *Id.*
[11] *Id.* at 50.
[12] *Id.* at 55.

granted defense counsel's motion to withdraw. New counsel was appointed to represent Daniels at his sentencing.

(11) "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and a denial of a motion to withdraw [a guilty plea] is reviewable on appeal only for an abuse of discretion."[13]

(12) Delaware Superior Court Criminal Rule 32(d) provides that "if a motion to withdraw a guilty plea is made before the imposition of sentence, the Superior Court may permit withdrawal of the plea for 'any fair and just reason.'"[14] In determining whether a fair and just reason exists, the trial court will consider the following factors:

> (i) whether there was a procedural defect in taking the plea; (ii) whether the defendant knowingly and voluntarily consented to the plea agreement; (iii) whether the defendant has an adequate basis to assert his legal innocence; (iv) whether the defendant had adequate legal counsel throughout the proceedings; and (v) whether granting the motion will prejudice the State or unduly inconvenience the trial Court.[15]

(13) Daniels claims that a fundamental dispute existed between Daniels, who claims that he thought he could appeal despite taking the guilty plea, and his defense counsel, who advised Daniels that he should waive his rights and accept the State's

---

[13] *Lane v. State*, 2006 WL 3703683, at *1 (Del. Dec. 18, 2006).
[14] *Id.*
[15] *Id.* (quoting *Patterson v. State*, 684 A.2d 1234, 1238 (Del. 1996)).

plea offer, and who believed Daniels understood he was waiving his right to appeal. This disagreement between client and counsel, Daniels contends, created a conflict of interest which deprived Daniels of counsel who could advocate his position at the hearing on his motion to withdraw his guilty plea. By allowing the motion to go forward and be heard under these circumstances, Daniels contends, the Superior Court abused its discretion.

(14) We find that the Superior Court judge clearly informed Daniels that by pleading guilty he was giving up his right to appeal as well as his trial rights. During the plea colloquy, the judge expressly asked Daniels whether he read and understood all the rights on the truth-in-sentencing form. He replied that he did. The truth-in-sentencing form informs a defendant that, by pleading guilty, he gives up his right to appeal. Moreover, during the colloquy the judge expressly asked Daniels whether he understood he was giving up his rights "associated with trial *and appeal*."[16] He again replied that he did. In addition, the truth-in-sentencing form asks a defendant whether he is satisfied with his lawyer's representation and that his lawyer has fully advised him of his rights. Daniels answered "Yes."[17] The judge asked the same question during the colloquy, and Daniels again answered "Yes."[18]

---

[16] App. to Appellant's Opening Br. at 37 (emphasis added).
[17] *Id.* at 27.
[18] *Id.* at 38.

7

(15)    A defendant's statements to the Superior Court during a guilty plea colloquy are presumed to be truthful.[19]   In the absence of clear and convincing evidence to the contrary, a defendant is bound by his answers on the truth-in-sentencing form and by his answers to the judge's questions during the plea colloquy.[20] Daniels' allegations that he did not understand he was waiving his right to appeal and that a dispute existed between him and his attorney on that point fail to satisfy his burden of showing that his answers to the questions on the plea form and during the colloquy were not truthful.  Accordingly, Daniels is bound by the answers he gave when he entered his plea, and none of the factors which would justify allowing Daniels to withdraw his plea are present here.  The Superior Court did not abuse its discretion by denying the motion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_James T. Vaughn_
Justice

---

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[20] *Savage v. State*, 2003 WL 214963, at *2 (Del. Jan. 31, 2003).

8