

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2006

# USA v. Iavarone

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Iavarone" (2006). *2006 Decisions.* Paper 837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3734

———————

UNITED STATES OF AMERICA

v.

ANDREW IAVARONE,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00400)
District Judge: Honorable J. Curtis Joyner

———————

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges

(Opinion filed   June 26, 2006 )

———————

OPINION

———————

AMBRO, Circuit Judge

Andrew Iavarone appeals from the denial of his motion to withdraw his guilty plea

and his subsequent conviction and sentence by the United States District Court for the

Eastern District of Pennsylvania. For the reasons that follow, we affirm.[1]

## I. Factual Background

Because we are writing solely for the parties, what follows is a summary of the relevant facts. In November 2003, Iavarone was standing near a car and, for reasons irrelevant to this appeal, a store clerk began writing down the car's licence plate number. Iavarone reached under the driver's seat of the car, pulled out a firearm, and pointed it at the clerk. Iavarone then fled in the car. Using the license number, police determined the address to which the car was registered, went to that location, and encountered Iavarone outside. The officers placed him in the back of a patrol car and, after he was identified by the clerk, brought him to the police station. Two officers subsequently searched the back of the car in which Iavarone had been transported and recovered a silver firearm. Based on this and his prior felony conviction, Iavarone was indicted on the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Iavarone was initially represented by Robert F. Simmons, who litigated a motion to suppress the store clerk's identification.[2] Directly after the suppression hearing, there was a exchange between the Court and Iavarone (in which Simmons and the Government participated) discussing, *inter alia*, the effectiveness of Simmons' representation and Iavarone's decision whether to plead guilty or proceed with a jury trial as planned.

---

[1]The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. As this is an appeal from a final judgment of conviction and sentence, we have appellate jurisdiction under 28 U.S.C. § 1291.

[2]His motion was to suppress was ultimately denied.

Following this discussion, and pursuant to a plea colloquy, Iavarone pled guilty. Approximately six months later, though prior to sentencing, Iavarone retained new counsel and filed a motion to withdraw his plea. After a hearing, the District Court denied his motion and subsequently sentenced him to a ten-year term of imprisonment.

## II. Discussion

A defendant may withdraw a guilty plea after the court accepts the plea, but prior to sentencing, only if he or she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (internal quotation marks and citation omitted).

District courts must consider three factors when evaluating a plea-withdrawal motion: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the [G]overnment would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The burden to demonstrate a fair and just reason is substantial and falls on the defendant. *Id.* In this context, we review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea before sentencing. *Id.*

With respect to the first factor, "[b]ald assertions of innocence are insufficient," as the defendant must "give sufficient reasons to explain why contradictory positions were

taken before the district court." *Id.* at 245 (internal quotation marks and citations omitted).[3]  Here, Iavarone attempts to explain his current assertion of innocence by pointing to a discrepancy in the evidence: the store clerk testified that the weapon in Iavarone's possession was black, but the gun found in the back of the police car was silver.

The record reflects, however, that this inconsistency does not implicate Iavarone's innocence or his decision to plead guilty.  The indictment does not mention the color of the firearm and there was no mention of the gun's color during the plea colloquy.  The relevant exchange was as follows:

Judge:      Sir, I must make you aware of the essential elements of the offense to which you are pleading guilty . . . . The government would have to show . . . first, that you knowingly possessed a firearm; and, secondly, that you had been convicted of a crime punishable by more than one year in prison; and, third, that the firearm was possessed in or affecting interstate commerce.  Do you understand the essential elements of this offense?
Iavarone:   Yes.
Judge:      Did you commit this offense?
Iavarone:   Yes.

After two more questions about the events of the day of the offense, the questioning continued as follows:

Judge:      You had a gun on your person?
Iavarone:   Yes.

_____

[3]Iavarone supports his claim of factual innocence by pointing to comments made by Simmons and himself in the discussion following the suppression hearing asserting his innocence.  These comments, however, were made when Iavarone was still considering going to trial and before the thorough plea colloquy and his ultimate decision to plead guilty to the charge.

Judge:      And this particular gun, you know, first, as a convicted felon, you had no right to have a gun on your person?

Iavarone:   Yes.

There is no suggestion in the record that Iavarone was confused about the offense to which he was pleading guilty. Moreover, at the time of the plea he was aware of the discrepancy between the testimony of the clerk and the officer. Iavarone has thus "failed to meaningfully reassert [his] innocence or explain [his] contradictory positions taken before the District Court." *Brown*, 250 F.3d at 818 ; *see United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989) (rejecting claim of innocence where defendant failed to deny that he was at the scene of the crime or that he committed the offense).

Inasmuch as Iavarone does not claim innocence, we need not consider whether he has offered any valid reasons for withdrawal of his plea, or whether withdrawal would have prejudiced the Government. *See, e.g., United States v. Wilson*, 429 F.3d 455, 460 n.5 (3d Cir. 2005); *Jones*, 336 F.3d at 255.

*   *   *   *   *

We hold that the District Court did not abuse its discretion in denying Iavarone's motion to withdraw his guilty plea, and we therefore affirm.